**In the United States District Court
for the District of Kansas**

————————

Case No. 21-cv-04064-TC

————————

DESHANNON E.,[1]

*Plaintiff*

v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY,

*Defendant*

————————

**MEMORANDUM AND ORDER**

Plaintiff DeShannon E. claims she is disabled and cannot work. She seeks review of a decision of the Commissioner of Social Security denying her Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423. For the following reasons, the Commissioner's final decision is reversed and remanded for further proceedings.

**I**

**A**

**1.** Federal district courts have jurisdiction, upon timely request, to review the Commissioner's final administrative decisions. 42 U.S.C. §§ 1383(c)(3), 405(g). These cases require a careful review of the record to determine whether "substantial evidence supports the factual findings and whether the [administrative law judge] applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016)

---

[1] Plaintiff will be referred to only by first name followed by initials to protect her privacy. *See, e.g.*, *Joseph M. v. Kijakazi*, No. 22-1065, 2023 WL 2241526, at *5 (D. Kan. Feb. 27, 2023).

(citing *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). Evidence in support of a finding is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion," and therefore must be "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Mere conclusions are insufficient. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 1989). Rather, the ALJ's findings must be grounded in substantial evidence and demonstrate that the ALJ "consider[ed] all relevant medical evidence in making those findings." *Id.* at 1262 (citing *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989)). Consequently, the court will "not reweigh the evidence or try the issues de novo," but it will "meticulously examine the record as a whole . . . to determine if the substantiality test has been met." *Id.* (citations omitted).

**2.** To evaluate an application for disability benefits, the Commissioner uses a five-step sequential analysis. 20 C.F.R. § 416.920(a)(4); 20 C.F.R. § 404.1520(a)(4); *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Wilson*, 602 F.3d at 1139 (quoting *Lax*, 489 F.3d at 1084). The claimant bears the burden of proof for the first four steps, but the Commissioner does for the fifth. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005). In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether the claimant has any severe impairments, and whether the severity of any of those impairments meets or equals the severity of any impairment in the Listing of Impairments found in 20 C.F.R., Part. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(a)(4)(i)–(iii); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

The fourth and fifth steps of the analysis depend on the claimant's residual functional capacity (RFC), which the Commissioner assesses after completing the third analytical step. 20 C.F.R. § 416.920(e). A claimant's RFC is the most the claimant can do despite limitations. §§ 416.945(a)(1). The Commissioner determines the claimant's RFC based on all relevant evidence in the record. SSR 16-3p, 2017 WL 5180304, at *4–5 (Oct. 25, 2017).

After analyzing the claimant's RFC, the Commissioner proceeds to the fourth and fifth steps of the analysis. At step four, the Commissioner determines whether the claimant can perform his or her past relevant work in light of his or her RFC. 20 C.F.R. § 416.920(a)(4)(iv).

If so, the claimant is not disabled. *Id.* At step five, the Commissioner bears the burden to show—in light of the claimant's RFC, age, education, and work experience—that work suitable for the claimant "exists in significant numbers in the national economy." §§ 416.920(a)(4)(v), 416.960(c)(2).

**B**

**1.** Plaintiff applied for SSI benefits in 2019. Doc. 18 at 2; Adm. Rec. at 15.[2] The ALJ reviewed Plaintiff's disability claim according to the five-step analysis detailed in 20 C.F.R. § 416.920. Adm. Rec. at 17. The ALJ first found that Plaintiff had not engaged in "substantial gainful activity" since her application date of June 7, 2019. *Id.* (citing 20 C.F.R. § 416.971, *et seq.*).

At step two, the ALJ found Plaintiff's "obesity; lumbar spine disorder; and fibromyalgia" significantly limited her ability to work and were therefore "severe impairments." Adm. Rec. at 17 (citing 20 C.F.R. § 416.920(c)). At the third step, the ALJ determined that none of Plaintiff's impairments alone or in combination "meets or medically equals the severity of one of the listed impairments" in the Listing of Impairments. *Id.* at 19.

The ALJ then assessed Plaintiff's RFC. Adm. Rec. at 20–37. The ALJ summarized Plaintiff's claimed symptoms and limitations as well as her medical history. *Id.* at 21–28. He found the opinions of Plaintiff's treating provider, Shirley Dinkel, unpersuasive. *Id.* at 28. On the other hand, the ALJ found the state agency medical consultants' findings "partially persuasive" but "not entirely consistent with the longitudinal medical evidence." *Id.* at 32. He found the state agency psychological consultants' findings "persuasive" because "they supported their findings with detailed evidence, and their findings are consistent with the longitudinal medical evidence." *Id.* at 36.

After weighing Plaintiff's claims against those expert findings and the rest of the record, the ALJ calculated Plaintiff's RFC. He found

---

[2] All references to the parties' briefs are to the page numbers assigned by CM/ECF except for factual references to the Administrative Record (Adm. Rec.).

that she could perform sedentary work with some additional limita-
tions:

> [Plaintiff] can walk or stand for two hours out of an
> eight-hour day; and sit for six hours out of an eight-
> hour day; except she can occasionally lift 20 pounds
> and frequently lift 10 pounds; can frequently climb
> stairs, but should never climb ropes, scaffolds, and lad-
> ders; can occasionally stoop, crouch, kneel, and crawl;
> and should avoid prolonged exposure to temperature
> extremes, chemicals, dust, fumes, noxious odors, and
> vibrating machinery.

*Id.* at 20. The ALJ based those findings on Plaintiff's alleged symptoms
and the extent to which they were consistent with "the objective med-
ical evidence and other evidence, based on the requirements of 20 CFR
416.929 and SSR 16-3p." *Id.*

At step four, the ALJ determined Plaintiff had previously worked
as a home caregiver, nursery school attendant, and dietary aide. Adm.
Rec. at 37. These fell in the "medium, semi-skilled work," "light, semi-
skilled work," and "medium, unskilled work" categories, respectively.
*Id.* Relying on a vocational expert, he determined that Plaintiff was un-
able to perform those jobs given her RFC. *Id.*

At step five, the ALJ found that Plaintiff could perform jobs exist-
ing in significant numbers in the national economy. Adm. Rec. at 37.
The vocational expert testified that a person with Plaintiff's RFC could
work as a document preparer (19,000 jobs in the national economy);
call out operator (12,000 jobs); and as an addresser (12,000 jobs). *Id.*
Based on that testimony, the ALJ found that Plaintiff was "capable of
making a successful adjustment to other work that exists in significant
numbers in the national economy." *Id.*

The ALJ therefore concluded Plaintiff had not been disabled since
the date the application was filed, Adm. Rec. at 39, and denied Plain-
tiff's SSI request, *see id.* at 15. The Appeals Counsel then denied Plain-
tiff's request for review, rendering the ALJ's decision the final decision
of the Commissioner. *Id.* at 1–3; 20 C.F.R. § 416.1481. Plaintiff timely
appealed to the District of Kansas for review. Doc. 1.

**2.** Plaintiff concedes that the ALJ applied the correct legal standard, 20 C.F.R. § 404.1520c. Doc. 14 at 13. But she objects that the evidence did not support the ALJ's conclusions thereunder. *Id.* So her appeal is essentially factual: whether substantial evidence supports the ALJ's conclusion. Reversal and remand are appropriate only if the ALJ failed to consider all relevant medical evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (internal citations omitted).

Plaintiff contends that the ALJ "ignored material evidence in its findings related to the relevant RFC," Doc. 14 at 9, meaning the crux of her appeal is that the RFC is not supported by substantial evidence. *Id.* at 10. She asserts that it was inappropriate to rely on reports from two agency doctors and identifies several flaws in those reports. Doc. 14 at 12, 16. Similarly, she argues that the ALJ should have found her own expert more credible. *Id.* at 15.

The Commissioner contends that Plaintiff's "assertions do not show harmful legal error or lack of support for the ALJ's decision." Doc. 18 at 1.  The Commissioner states that "[t]he ALJ's tempering of medical findings adverse to Plaintiff is not a harmful legal error." Doc. 18 at 1. And he argues that the ALJ properly considered opinions from both Plaintiff's expert and the agency's own experts. *Id.*

## II

Plaintiff's request for remand is granted. Although the conclusion the ALJ reached might be justified by the evidence, the RFC assessment was not supported appropriately because the ALJ did not articulate "how [he] considered" the relevant sources. 20 C.F.R. §§ 416.920c and 404.1520c.

Plaintiff contends that the ALJ improperly weighed the available evidence as required under 20 C.F.R. § 416.920c and 20 C.F.R. § 404.1520c. If he had, she says, her RFC would reflect greater impairments. Her objection is superficially unpersuasive because it is the job of the ALJ, not the District Court on appeal, to weigh expert credibility. But here, the ALJ's written decision did not explain how it weighed expert credibility at all. Instead, the decision's analysis of each expert consists of a conclusory statement followed by several pages of repetitive summary. These summaries do not connect the ALJ's conclusion with the medical evidence and are therefore inadequate.

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005) (citation omitted). A reviewing court does not reweigh evidence, so it must be able to track the ALJ's reasoning. When an ALJ does not connect a conclusion to the medical evidence, it is impossible for the reviewing court to follow his or her reasoning. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion."). The applicable legal standard, Section 404.1520c, does not require the ALJ to articulate "how [he] considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 404.1520c(b)(1). But this forgiving standard still requires analysis—rather than recitation—at the source level.

The opinion includes persuasiveness findings for each relevant expert. For example, the ALJ concluded that "[t]he opinions of the claimant's treating provider, Shirley Dinkel, APRN, are not persuasive." Adm. Rec. at 28. Likewise, the ALJ concluded that "[t]he state agency medical consultants' prior administrative findings in 2020…are partially persuasive." *Id.* at 32. The opinion notes that "[a]lthough these consultants supported their findings with detailed medical evidence, their findings regarding postural activities are not entirely consistent with the longitudinal medical evidence." *Id.*

After each opinion, the ALJ included a summary of the medical evidence. Adm. Rec. at 28–36. But the summaries are identical with respect to each expert.[3] They open with the same sentence: "On June 29, 2018, an MRI scan of the claimant's lumbar spine revealed borderline foraminal narrowing…." *Id.* at 28, 32. And they conclude with the same sentence: "He increased Topamax." *Id.* at 32, 36. They are identical in all other areas, too. For example, in discussing Dinkel, the ALJ noted "[w]hen [Plaintiff] treated with her primary care provider in February 2020, examination showed she used a walker to mobilize and had limited range of motion times four with muscle strength at four out of five x four with strength and movement equal bilaterally." *Id.* at 31. In

---

[3] These two summaries appear to duplicate part of a third summary that appears in the RFC assessment. Adm. Rec. at 23–27.

discussing the consultants, the ALJ noted the same thing in identical language. *Id.* at 35.

As a result, both summaries fail to identify—with any specificity—what objective medical evidence supported or contradicted the sources' opinions. Since the language was recycled for each provider, it is unclear why a particular opinion was persuasive, unpersuasive, or partially persuasive. To be sure, "courts have deferred to ALJs' 'minimalist' findings on the supportability and consistency of medical opinions." *Frazer v. Kijakazi*, No. CV 20-1147 GBW, 2022 WL 682661, at *5 (D.N.M. Mar. 8, 2022) (collecting cases). But the opinion here does not present even minimalist findings. It merely recites a conclusion and then inserts several pages of familiar summary. The analysis in the opinion therefore does not permit any review at all. *See Savino-Nixon v. Astrue*, 479 F. Supp. 2d 1176, 1183 (D. Kan. 2007)("The ALJ did not connect the dots, so to speak, between the evidence he summarized and the conclusion he reached."); *cf. Balocca v. Colvin*, No. CV 15-1036-JWL, 2016 WL 1171497, at *3 (D. Kan. Mar. 24, 2016) (affirming an ALJ's terse determination where his summary was "sufficiently specific to make clear to the reader the bases for his RFC assessment" and "specifically related certain evidence to the RFC limitations [the ALJ] assessed").

It may be true that, after sifting the summarized material, substantial evidence supports the ALJ's conclusion. For example, the ALJ concluded that Dinkel's opinion was unpersuasive because she identified extreme limitations that lacked support in Plaintiff's records. At one point, Plaintiff "reported chronic low back pain and lower extremity numbness." Adm. Rec. at 28. (citing Adm. Rec. at 828). But "[e]xamination showed normal range of motion with five out of five strength, as well as a normal gait that was smooth and coordinated." *Id.* (citing Adm. Rec. at 829). Despite those normal physical results, Dinkel opined that Plaintiff "could only work two hours per day," and that Plaintiff "should not work until further notice." *Id.*

The issue is that this connection—and others like it—appear only by implication. Because the ALJ's opinion does not make the connections explicit, "the only way for [a] court to determine whether substantial evidence supports the decision below would be for the court to weigh the evidence de novo and decide the issue itself." *Victoria Jean G. v. Kijakazi*, No. CV 20-4053-JWL, 2021 WL 4168124, at *6 (D. Kan. Sept. 14, 2021). A reviewing court cannot take that step in the first instance. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005)

("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."); *see also Kency v. Comm'r of Soc. Sec.*, No. CIV.A.03-1190-MLB, 2004 WL 5542829, at *4 (D. Kan. Nov. 16, 2004) ("When an ALJ merely summarizes the facts, notes that he has considered all of the facts, and then announces his decision, there is nothing for the court to review. The court cannot know how the ALJ analyzed the evidence.").

Since the ALJ provided identical summaries of the evidence while analyzing each source, it is unclear what evidence supports or detracts from which opinion. It is likewise unclear what evidence supports the ALJ's measured conclusion that the agency's experts were only partially consistent with the longitudinal medical evidence. The same summary that led the ALJ to favor the agency experts led him to find Dinkel's opinion entirely unpersuasive—that is, the same facts stated in the same way produced distinct outcomes. That is not sufficient to permit review. An ALJ must identify, at some level, which facts cut in which direction. A reviewing court cannot fill in those gaps on appeal.

The Commissioner's decision is reversed and remanded for further proceedings consistent with this opinion. The other issues in Plaintiff's briefing are unaddressed because "they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). But the ALJ should consider those other issues and correct them if necessary.

### III

For the foregoing reasons, the Commissioner's final decision is REVERSED and the case is REMANDED for further proceedings consistent with the reasoning above.

It is so ordered.

Date:  November 2, 2023          s/ Toby Crouse          
                                 Toby Crouse
                                 United States District Judge